UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| KIMBERLY FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:19-CV-666-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DOLLAR TREE et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Kimberly Freeman initiated the instant action proceeding *pro se*. She failed to pay the filing fee or file an application to proceed without prepayment of fees. Under the Court's Local Rule 5.3(b), "A non-prisoner seeking leave to proceed in forma pauperis in a civil action must file a fully completed Application to Proceed Without Prepayment of Fees or a motion and affidavit that includes the same information."

Therefore, the Court entered an Order on October 22, 2019, directing Plaintiff to either pay the $400 filing fee or file an application to proceed without prepayment of fees and affidavit within 30 days. Plaintiff filed a document captioned as a "Motion to Press Criminal Charges Informa Pauperis, Motion for Defendants to pay Court Cost." [R. 8] However, the motion was not filed on the Court's approved form and did not contain any information concerning Plaintiff's financial ability to pay the filing fee. Consequently, on November 20, 2019, the Court entered an Order denying the motion and giving Plaintiff one final opportunity to either pay the $400 filing fee or file an application to proceed without prepayment of fees and affidavit within 30 days.

More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff

fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the Court's prior Orders shows a failure to pursue her case. Therefore, by separate Order, the Court will dismiss the instant action.

Furthermore, the docket sheet reflects that since initiating this action Plaintiff has filed six notices of criminal complaint [R. 9, 10, 11, 13, 14, and 15] and a motion to press charges [R. 16]. These filings purport to bring criminal charges for harassment, trespassing, assault, identity theft, and retaliation, among others, against what appear to be individuals, businesses, and locations she encounters in her day-to-day activities. As Plaintiff has been instructed in at least two prior cases she has filed in this Court, *see* Civil Action Nos. 3:17CV-422-JHM [R. 30] and 3:17CV-782-DJH [R. 47], she cannot initiate a criminal action in this Court. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal

prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors; whether to bring such a complaint is generally within the discretion of the prosecutor. This court does not have jurisdiction to order that a criminal complaint be filed."). Because Plaintiff is a private citizen, she cannot initiate criminal charges against anyone in this Court.

This the 3rd day of January, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
A958.010